**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000064
19-DEC-2016
01:38 PM**

NO. CAAP-16-0000064

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
NICOLE NAMORDI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCW-15-0000651)

MEMORANDUM OPINION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Nicole Namordi (Namordi) appeals from a Judgment and Notice of Entry of Judgment,[1] entered in the District Court of the Third Circuit, Kona Division (District Court), on January 7, 2016. The District Court convicted Namordi of one count of Criminal Property Damage in the Third Degree, a violation of Hawaii Revised Statutes (HRS) § 708-822(1)(b) (2014).[2]

Namordi argues that the district court wrongly convicted her after (1) erroneously admitting into evidence a written SKG Auto Body estimate without a sufficient foundation, (2) erring and violating her constitutional right to confrontation by limiting the scope of her cross-examination of Officer Christopher Jelsma (Officer Jelsma), (3) failing to

---

[1]     The Honorable Margaret Masunaga presided.

[2]     HRS § 708-822(1)(b) provides, "A person commits the offense of criminal property damage in the third degree if . . . [t]he person intentionally or knowingly damages the property of another, without the other's consent, in an amount exceeding $500[.]"

determine the voluntariness of her police statements, and (4) based on insufficient evidence that the damage amount exceeded $500 and she knowingly or intentionally created damage exceeding $500. Namordi also asserts that the court erred by ordering her to pay $903 in restitution after erroneously denying her request for a restitution hearing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Namordi's points of error as follows:

1 and 4. The District Court erred in admitting the written estimate from the auto body shop. The District Court ruled it would admit the written estimate only for the purpose stated by the prosecution but when announcing its verdict, orally found it had determined the damage amount based on complainant Larry Morris's (Morris) testimony. Evidence of the cost of reasonable repairs is an appropriate means to establish damage exceeding $500 as an element of third-degree criminal property damage. State v. Pardee, 86 Hawai'i 165, 170, 948 P.2d 586, 591 (App. 1997), citing HRS § 708-822(b). However, in this case, Morris's testimony regarding the damage amount, which was based solely on the written estimate, was hearsay to which no exception applied. See Hawaii Rules of Evidence Rules 801 & 802. Cf. State v. Hernandez, 133 Hawai'i 252, 325 P.3d 664, No. CAAP-13-0000972, 2014 WL 1778011 at *1 (App. May 5, 2014) (SDO) (substantial evidence of damage amount in criminal-property-in-the-third-degree case where not only complainant but owner-operator of auto body shop testified regarding the estimated repair cost, and the owner-operator testified to his experience compiling and method for determining estimates in general).

The prosecution has the burden to prove every element of the offense beyond a reasonable doubt. HRS § 701-114 (2014). An element of criminal property damage in the third degree under HRS § 708-822(1)(b) is that the damage amount exceeds $500. Without the written repair estimate, there was insufficient evidence of the amount of damage and, thus, to convict Namordi of criminal property damage in the third degree.

However, the evidence was sufficient to convict Namordi of Criminal Property Damage in the Fourth Degree, a violation of HRS § 708-823 (2014).[3]  See HRS §§ 702-206 (2014) & 708-823 (2014); State v. Maxwell, 123 Hawai'i 300, 233 P.3d 720, No. 29746, 2010 WL 2586926 at *1 (App. Jun. 29, 2010) (SDO).

At trial, Morris stated that he had testified on behalf of Namordi's husband in custody proceedings involving Namordi's son, and Morris's relationship with Namordi was sometimes negative.  Namordi's boyfriend, Lyn Marcello (Lyn) testified he told police Namordi and Morris had "bad blood" between them, and Namordi testified that she and Morris had been involved in ongoing disputes with each other.  Namordi testified that Morris knew Namordi's son was not allowed to be at his house.  Lyn testified that when Namordi saw her son at Morris's house, she became upset and began yelling.  Morris testified that Namordi picked up a white cue ball and flung it at Morris's truck, striking it.  Morris testified that State's Exhibit 7, admitted into evidence, depicted a dent caused by the cue ball's impact with the truck.  Morris and Namordi both testified that after the ball hit the truck, Namordi yelled at Morris.  Neighbor Mark Berlanga also testified he heard Namordi yelling.

2.    Namordi also argues that the District Court erroneously limited the scope of her cross-examination of Officer Jelsma, preventing her from establishing he had a bias, interest or motive under HRE Rule 609.1[4] and thereby violating her constitutional right to confront witnesses.  Namordi did not argue to the District Court that this limitation on her cross-

---

[3]    HRS § 708-823 provides that "[a] person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent."

[4]    HRE Rule 609.1 provides,

**Evidence of bias, interest, or motive.**  (a) General rule. The credibility of a witness may be attacked by evidence of bias, interest, or motive.

(b)  Extrinsic evidence of bias, interest, or motive. Extrinsic evidence of a witness' bias, interest, or motive is not admissible unless, on cross-examination, the matter is brought to the attention of the witness and the witness is afforded an opportunity to explain or deny the matter.

examination violated her right to confront and we decline to consider it for the first time on appeal.

Namordi sought to question Officer Jelsma about whether he was "familiar with" certain Hawai'i County police officers who were sued for excessive force by Namordi a year before the instant incident. Namordi acknowledged that Officer Jelsma was not a party to this lawsuit. When asked for an offer of proof,[5] counsel did not state that Officer Jelsma knew of the lawsuit when he took Marcello's statement or whether he had formed an opinion regarding the merits of Namordi's lawsuit, but only that counsel wanted to ask whether Officer Jelsma is "familiar with the officers."[6] The District Court sustained the State's relevancy objection to this line of questioning as being "too remote," and based on this proffer, we agree.

3. Finally, Namordi argues that the District Court admitted her police statement, without adequately determining whether it was voluntary, in violation of HRS § 621-26 (1993).[7] The prosecution introduced at trial, through Officer John Kari, (Officer Kari) an "advice-of-rights" form executed by Namordi in the presence of Officer Kari, who took Namordi's statement.[8] Namordi testified at trial and was questioned about her statement. Thus, the evidence presented supported the District Court's implicit finding that the statement was voluntarily

---

[5]     Namordi's offer of proof was as follows:

The offer of proof is that Ms. Namordi had actually been involved in a civil suit the year prior to the incident. She had filed a lawsuit against the Hawaii Police Department regarding specific art -- specific officers and excessive use of force, your Honor. And this lawsuit was, I believe . . . And therefore, that's why counsel is asking whether or not the witness is familiar with these officers, your Honor.

[6]     Further, Namordi had the opportunity to examine Officer Jelsma on the substance of his testimony but did not. Presumably, she would have had Officer Jelsma's report and would have been able to question him if there was any discrepancy between the report and his testimony.

[7]     § 621-26 Confessions when admissible. No confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made.

[8]     Officer Kari later testified that Namordi was "enthusiastic" about giving a statement.

4

given. State v. Pahio, 58 Haw. 323, 329-30, 568 P.2d 1200, 1205 (1977) ("This court has consistently maintained that where there is more than a scintilla of evidence to sustain the conclusion of the trial judge that the statement was voluntarily made the (admission or the) confession may be accepted into evidence.") (citation omitted) abrogated on other grounds by, State v. Cabagbag, 127 Hawai'i 302 277 P.3d 1027 (2012). State v. Malufau, 80 Hawai'i 126, 135, 906 P.2d 612, 621 (1995) ("it is well established that if an appellate court deems the evidence insufficient as a matter of law to support a jury's guilty verdict on a greater offense but finds the evidence sufficient to support a conviction on a lesser included offense, it may enter a judgment of conviction on that lesser included offense") (citation and brackets omitted).

Based on the foregoing, the Judgment and Notice of Entry of Judgment, entered in the District Court of the Third Circuit, Kona Division, on January 7, 2016, is vacated[9] and the case is remanded for a judgment convicting Namordi of Criminal Property Damage in the Fourth Degree.

DATED:  Honolulu, Hawai'i, December 19, 2016.

On the briefs:

Antoinette V.M. Lilley,
Deputy Public Defender,
for Defendant-Appellant.

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[9]     Consequently, the order of restitution is also vacated.  We note that upon remand, any restitution shall be imposed pursuant to HRS § 706-646 (2014).